UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| INDIANA FAMILY AND SOCIAL SERVICES ADMINISTRATION, | ) ) ) | |
| Appellant, | ) ) | |
| vs. | ) ) | 4:13-cv-183-SEB-WGH |
| SAINT CATHERINE HOSPITAL OF INDIANA, LLC, | ) ) ) ) | |
| Appellee. | ) ) | |
| _____ | ) ) | |
| In re: | ) ) | |
| SAINT CATHERINE HOSPITAL OF INDIANA, LLC, | ) ) ) ) | Bankruptcy Case No. 12-91316-BHL-11 |
| Debtor. | ) | |

## ORDER ON MOTION TO
## MODIFY ORDER ON MOTION TO STAY
(Dkt. No. 14)

This matter is before the Court on the Motion to Modify Order on Motion to Stay filed by Appellant, Indiana Family and Social Services Administration (AFSSA@), on December 23, 2013. (Dkt. No. 14). An Objection to that Motion was filed by Appellee, Saint Catherine Hospital of Indiana, LLC (ASaint Catherine@), on January 3, 2014. (Dkt. No. 15). FSSA=s Response to Objection was filed on January 17, 2014. (Dkt. No. 16).

**BACKGROUND**

The Bankruptcy Court for this District entered summary judgment in favor of Saint Catherine and against FSSA on September 19, 2013. In relevant part, the Bankruptcy Court ordered FSSA to return $615,912.64 to Saint Catherine because this amount constituted preferential payments made by Saint Catherine to FSSA. In addition, the Bankruptcy Court found that FSSA owed Saint Catherine $989,738.78 for post-petition withholdings from payments due Saint Catherine because the underlying obligations arose pre-petition and did not fall under the doctrine of Arecoupment.@

FSSA filed a Motion for Stay Pending Appeal in the Bankruptcy Court asking the Bankruptcy Court to stay its summary judgment order pending appeal, including staying the required payments from FSSA to Saint Catherine.

On December 5, 2013, the Bankruptcy Court granted in part and denied in part FSSA=s Motion for Stay Pending Appeal. Specifically, the Bankruptcy Court found that Saint Catherine did not oppose the request to stay enforcement of the judgment in regard to the $989,738.78.[1] The Bankruptcy Court then discussed the four-factor test for determining the propriety of a stay pending appeal. The Bankruptcy Court concluded that under this four-factor test: (1) FSSA did not make a strong showing that they were likely to succeed on the merits of the appeal; (2) FSSA had not shown that it would suffer an irreparable injury absent a stay; and (3) A[i]nasmuch as the FSSA is not able to pay the

---

[1]There is also another judgment amount in the sum of $159,053.24, to which no objection to the stay was filed.

full amount of the judgment, however, there may be important policy reasons for granting a stay.@ [Order on Motion to Stay at p. 3 (Dkt. No. 15-2).]

The Bankruptcy Court therefore issued a stay as to those parts of the judgment which Saint Catherine Aconceded,@ but denied the stay as to the balance of the Court=s findings.

## STANDARD OF REVIEW

Where a bankruptcy court has already denied a stay under Federal Rule of Bankruptcy Procedure 8005, "review is limited to a simple determination of whether the bankruptcy court abused its discretion.@ In re North Plaza, LLC, 395 B.R. 113, 119 (S.D. Cal. 2008) (citations omitted). "The abuse of discretion standard on review of the bankruptcy court=s order denying a stay encompasses a *de novo* review of the law and a clearly erroneous review of the facts with respect to the underlying issues.@ *Id.* (citations omitted).

In this case, the parties agree that the relative factors to determine the propriety of granting a stay pending appeal require the movant to demonstrate that:

(1) it is likely to succeed on the merits of the appeal;

(2) the movant will suffer irreparable injury absent a stay;

(3) a stay would not substantially harm other parties in the litigation; and

(4) a stay is in the public interest.

*See,* In the Matter of Forty-Eight Insulations, Incorporated, 115 F.3d 1294, 1300 (7th Cir. 1997), citing In the Matter of 203 North LaSalle Street Partnership, 190 B.R. 595, 596 (N.D. Ill. 1995).

## ANALYSIS

**A. Does FSSA have a reasonable likelihood of success on the merits of its appeal?**

FSSA argues that it properly withheld the funds at issue from Saint Catherine under the doctrine of recoupment. FSSA argues that the right of recoupment is exempt from the operation of the automatic stay of 11 U.S.C. § 362, citing In re CDM Management Services, Inc., 226 B.R. 195, 197 (Bkrtcy. S.D. Ind. 1997).

Saint Catherine argues that the pre-petition withholdings at issue here constitute preferential payments which are not violations of the automatic stay. According to Saint Catherine, a violation of the automatic stay occurs after rather than before the bankruptcy petition is filed. Saint Catherine argues that recoupment may be an exception to the automatic stay in some instances, but it is not applicable to funds improperly withheld prior to Saint Catherine=s bankruptcy petition.

At this stage of the litigation, the parties have not briefed their respective positions and the Court has found no clear authority allowing this Court to determine which of these two positions may ultimately prevail. The Bankruptcy Court=s demonstrated expertise in this area concluded this issue against FSSA. Although this Court cannot prejudge the ultimate outcome of this case, the Court concludes that FSSA has not at this stage demonstrated a reasonable likelihood of success on the merits.

**B. Will FSSA or other acute hospitals suffer irreparable injury absent a stay?**

The result of the Bankruptcy Order requires FSSA to make a payment to Saint Catherine in the amount of $615,912.64. These are funds which presumably would have been paid to Saint Catherine but for their filing of a bankruptcy petition. While this sum is not an inconsequential amount of money, the payment of these funds from a state agency is not likely to irreparably harm the state agency itself. The fact that FSSA does not have the liquidity to immediately pay back all the withheld payments also does not demonstrate irreparable harm.[2] FSSA=s argument that this payment would irreparably harm other acute hospitals in Indiana is made in a conclusory fashion. (See § 25 at page 5 of their argument.) Without further specific data on the number of acute care hospitals in Indiana and how the burden would be shifted among these hospitals, the Court is unable to conclude that those hospitals would suffer irreparable injury absent a stay. It should be noted, however, that Saint Catherine does not argue that it would be substantially harmed by a stay here.

**C. Is a stay in the best interest of the public?**

Finally, as to the fourth element of the test to be administered by this Court, while it is in the best interest of the public that its Medicaid program operate efficiently, there has been no showing that the payment of these particular amounts jeopardize the continuing existence of the Medicaid program.

---

[2]We do not read the Bankruptcy Court=s Order to require immediate payment of all funds to Saint Catherine if liquidity of the appropriate funds is a problem. Whether the FSSA and Saint Catherine can agree upon a payment plan can be addressed by their respective counsel and appropriate officials.

## **CONCLUSION**

This Court concludes that FSSA has not demonstrated a reasonable likelihood of success on the merits at this time and the existence of any irreparable injury or strong public interest requiring the bankruptcy stay to be modified. Because FSSA has not carried its burden as to three of the four required elements, its Motion to Modify Order on Motion to Stay is **DENIED.**

**IT IS SO ORDERED.**

Date: 02/28/2014

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

**Copies to:**

David Marcus Cantor
SEILLER WATERMAN LLC
cantor@derbycitylaw.com

Heather M. Crockett
INDIANA ATTORNEY GENERAL
heather.crockett@atg.in.gov

James Edwin McGhee III
SEILLER WATERMAN LLC
mcghee@derbycitylaw.com

Maricel E.V. Skiles
INDIANA ATTORNEY GENERAL
maricel.skiles@atg.in.gov